712 So.2d 307 (1998)
Decatur COOK and Joyce Cook
v.
UNITED CONTAINER MACHINERY, COMPANY, et al.
No. 98-CA-120.
Court of Appeal of Louisiana, Fifth Circuit.
May 27, 1998.
WICKER, Judge
This appeal arises from a petition for damages filed on behalf of Decatur Cook and Joyce K. Cook, plaintiffs/appellants, against United Container Machinery, Ward Machinery Company, William C. Stalley Machinery Company, The Ward Die-Vise Company and Flynn and Emrich Company (F & E). Decatur Cook alleged he was employed by Delta Container Corporation on May 24, 1990 and was operating an F & E Printing Press manufactured by the remaining defendants. He alleged that while cleaning the machine his right hand became caught up in the rollers resulting in broken bones and amputations. He states the accident was caused by the unreasonably dangerous printing press. He alleges negligence and strict liability. Transportation Insurance Company filed a petition of intervention seeking to recover benefits allegedly paid in worker's compensation.
Ward Machinery Company denied it was the manufacturer of the press. Decatur Cook and Joyce Cook, along with the intervenor, filed a motion to dismiss their claims against United Container Machinery Company. United Container Machinery Company was dismissed from suit on March 18, 1996.
On October 9, 1996 Ward Machinery Company filed a motion for summary judgment on the basis it was not a manufacturer under La.R.S.9:2800.51, et seq., the Louisiana Product Liability Act (LPLA). The trial judge denied this motion on June 9, 1997. Ward Machinery Company filed a second motion for summary judgment on August 22, 1997 in which it provided additional documentation showing the date on which Ward Machinery Company acquired F & E. On October 24, 1997 the trial judge granted summary judgment. Decatur Cook and Joycelyn Cook now appeal. We reverse and remand.
La.R.S.9:2800.54 provides for the liability of a manufacturer as follows:
A. The manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product *308 by the claimant or another person or entity...
A manufacturer is defined in La. R.S.9:2800.53(1) as follows:
(1) "Manufacturer" means a person or entity who is in the business of manufacturing a product for placement into trade or commerce. "Manufacturing a product" means producing, making, fabricating, constructing, designing, remanufacturing, reconditioning or refurbishing a product ... [emphasis added.]
At the hearing on the motion for summary judgment Ward Machinery Company argued that: (1) the printer in question was an F & E printer; (2) Ward Die-Vise Company, a predecessor to Ward Machinery Company, purchased certain assets from F & E with the provision that all of the machines placed in production before the acquisition would remain F & E machines and all machines after the acquisition date would be Ward Machinery machines; (3) in the prior motion for summary judgment there remained an issue of fact as to the date of the acquisition which had been resolved in the second motion for summary judgment to be October 1, 1966, and (4) the machine at issue was placed in production before the acquisition date as an F & E machine. The trial judge granted the motion relying on the acquisition date as dispositive.
The plaintiffs argued that the acquisition date was not dispositive. They referred to letters between Ward Machinery and its predecessor with F & M showing these companies were actually working together, designing the printers. They did not feel the sale was dispositive of the issue of whether Ward Machinery Company was a manufacturer. We agree.
The documentation in support of the motion for summary judgment reveals the following. On January 26, 1966, Kohlmann & Company (Kohlmann), the predecessor to Decatur Cook's employer, entered into an agreement to purchase an F & E printer slotter, model PB along with auxiliary equipment. The printer slotter is the one at issue herein. The terms of the agreement to purchase were accepted by the purchaser on March 17, 1966. F & E began assembly of the printer on July 5, 1966. It was shipped to Kohlmann on August 31, 1966 by F & E. On October 31, 1996 The Ward-Turner Machinery Company wrote to Kohlmann informing the company that repair parts and service of the printer would be provided by The Ward-Turner Machinery Company. The letter states that F & E and The Ward Die-Vise Company (the former name of The Ward-Turner Machinery Company) announced several months before that the F & E printer slotter division would combine with The Ward Die-Vise Company to be operated as The Ward-Turner Machinery Company. The letter further stated that the transition was now complete.
On March 18, 1966 The Ward Die-Vise Company and F & E entered into an agreement providing for transfer of 1,217 shares of common stock from The Ward Die-Vise Company to F & E in exchange for certain assets of F & E. The transfer was to take place "the date of acquisition." The transfer of assets specifically excluded "any corrugating machines as to which assembly has been begun on the assembly floor of Flynn & Emrich, nor shall it include parts necessary to complete any such machines." It is undisputed that the printer slotter at issue is a corrugating machine and that the date of acquisition was October 1, 1966. Appellee argues that since the assembly of the printer slotter occurred before the acquisition date of October 1, 1966 it could not be deemed to be the manufacturer of the machine for purposes of LPLA.
The opposition to the motion contains a document entitled, "Joint Notice." It is dated April 14, 1966, and signed by representatives of Ward Die-Vise Company and F & E. It states in pertinent part:
As announced in the March 26, 1966 issue of Official Board Markets, the Ward Die-Vise Company is acquiring that portion of Flynn and Emrich Company now engaged in the design and manufacture of printer slotters.
The two companies have been closely associated for some time. F & E assisted the Ward company in the very early stages by manufacturing parts for the die cutters.

*309 Mr. Ward assisted in the original design of the F & E printer slotters [emphasis added.]
Appellants argue that since Mr. Ward, on behalf of his company, assisted in designing the printer slotter, the company is a manufacturer under the LPLA. At the hearing on the motion, appellants argued there was a genuine issue of material fact as to the role Mr. Ward took in designing the printer slotter at issue. Appellee argued below that Mr. Ward's role, if any, was solely as an employee of F & E. The documentation, however, does not clarify Mr. Ward's role. On appeal, appellants again argue that Mr. Ward's role is crucial. Appellee states in brief this issue is irrelevant since there is no indication the Ward company assisted in the design.
The statement is unclear as to Mr. Ward's role in designing the printer slotter. If the Ward company helped design the printer slotter, then it would be deemed a manufacturer under the LPLA. Summary judgment should have been granted as to this issue only if there was no genuine issue of material fact in that regard. La.Code Civ. Proc. art. 966, as amended by 1997 Acts 483. The defendant had the initial burden of proving there was no material issue of fact and entitlement to judgment as a matter of law. Hayes v. Autin, 96-287 (La.App. 3rd Cir. 12/26/96) 685 So.2d 691, writ denied, 97-0281 (La.3/14/97) 690 So.2d 41. There is a genuine issue of material fact precluding the granting of summary judgment.
Accordingly, for the reasons stated, the judgment is reversed. Judgment is now rendered in favor of plaintiffs, Decatur Cook and Joycelyn Cook, and against defendant, Ward Machinery Company, denying the defendant's motion for summary judgment. This matter is remanded for further proceedings. Costs of this appeal are to be borne by the appellee.
REVERSED; CASE REMANDED.