BELSOME, J.,
dissents with reasons.
| j Summary judgment is improper where there are one or more issues of material *203 fact. See La.Code Civ. P. art. 966(c). Thus, whether Dr. Kent is liable under the LPLA as a manufacturer is a factual question and not appropriate for summary judgment. A “manufacturer” is defined under La. R.S. 9:2800.53(1) as “a person or entity who is in the business of manufacturing a product for placement into trade or commerce.” La. R.S. 9:2800.58(1). “Manufacturing a product” is defined as “producing, making, fabricating, constructing, designing, remanufacturing, reconditioning, or refurbishing a product.” Id. (emphasis added); See also Cook v. United Container Machinery Co., 98-120 (La.App. 5 Cir. 5/27/98), 712 So.2d 307 (finding that the extent of an employee’s role in designing printer slotter, determinative of whether employer could be deemed a manufacturer under the LPLA, constituted issue of material fact precluding summary judgment). It is not disputed that Dr. Kent designed the shape of the glenoid fossa in the VK-I and VK-II, and, as the majority notes, obtained several design patents regarding the shape of the implants and drafted package inserts for some Vitek devices. I respectfully dissent.